## Bullock Estate

*Greenwell, Porter Smaltz & Royal,* for petitioner.

VAN RODEN, P. J., March 20, 1957.—This is a petition by the guardian of the estate of the above named incompetent for the distribution of assets belonging to the estate of the incompetent.

By order of the Court of Common Pleas of Delaware County dated December 26, 1930, the Wayne Title and Trust Company was appointed guardian of the incompetent's estate. The First Pennsylvania Banking and Trust Company, successor by merger to said Wayne Title and Trust Company, now holds, in its capacity as guardian of this incompetent's estate, United States Treasury Bonds in the approximate amount of $46,318 from which the annual income is approximately $1,260, a disability insurance policy of

the Provident Mutual Life Insurance Company of Philadelphia, Pennsylvania, which pays the sum of $100 per month, a pension from the United States Government which pays $78.75 per month and Legal Common Trust Fund units valued at $900.80 from which the annual income is $35.50.

The incompetent, who is now 62 years of age, is confined in the Veterans' Administration Hospital at Coatesville. He has been under mental treatment for a period of 25 years. There is no charge for his maintenance at the said hospital.

It is known that the incompetent executed a will under date of August 19, 1926, wherein he devised and bequeathed his entire estate unto his wife, Dorothy L. Bullock, if living at the time of his decease, otherwise unto his issue per stirpes.

The total income from the assets of the estate during the past year was approximately $3,440, out of which the guardian distributed $2,100 for the support of the incompetent's wife and $200 for administration, clothing and miscellaneous. Thus, there is an excess income which has been accumulated over a period of years, and this accounts for a considerable portion of the assets presently in the hands of the guardian.

The guardian points out, with irrefutable logic, that if this fund is permitted to accumulate, the amount of inheritance and estate taxes will be materially increased. For the purpose of "thereby materially reducing the inheritance and estate taxes due thereon at the time of the death of its ward", the guardian has requested leave to pay over and distribute unto decedent's wife and his two daughters the sum of $2,500 each at the present time, and from time to time to distribute to them equally such portion of the income received by it as may not in the use of its discretion be either necessary or desirable to provide for the maintenance, needs and comfort of its ward.

In short, the present proposition is to make an inter vivos distribution of the incompetent's estate to the persons who would be entitled to inherit from him under the intestate laws of Pennsylvania. The sole apparent fallacy is that the laws governing the distribution of a decedent's estate are not applicable to the distribution of an incompetent's estate.

It has always been recognized that the assets of an incompetent's estate are to be preserved by the guardian for the primary benefit of the incompetent. There is statutory authority for the application of assets of an incompetent's estate for the support and maintenance of his wife and dependent children. But it has never been law that distribution may be made to his putative heirs at law during the incompetent's lifetime.

The Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154; sec. 644, 50 PS §3644, provides as follows:

"All income received by a guardian of the estate of an incompetent, in the exercise of a reasonable discretion, may be expended in the care and maintenance of the incompetent without the necessity of court approval. The court, for cause shown, may authorize or direct the payment or application of any or all of the income or principal of the estate of an incompetent for the care, maintenance or education of the incompetent, his spouse, children or those for whom he was making such provision before his incompetency, or for the reasonable funeral expenses of the incompetent's spouse, child or indigent parent. In proper cases, the court may order payment of amounts directly to the incompetent for his maintenance or for incidental expenses and may ratify payments made for these purposes."

The foregoing statutory provision circumscribes the power and authority of the guardian to make disposition of the principal and income of the incompetent's

estate. There is no ambit of discretion except within the orbit of the powers expressly conferred or necessarily implied from the statute. Notwithstanding the unlikelihood of the mental recovery of the incompetent, and notwithstanding the unlikelihood that he will not in the future write a new will, neither possibility may be entirely excluded. Furthermore, it is within the realm of possibility that one or both of the daughters, as well as the wife, may predecease the incompetent, which event would effect a change in the parties who would inherit the estate of the incompetent upon his death. In any event, incompetence is not the legal equivalent of death, and tax avoidance is not a sufficient legal ground for the intestate distribution of any part of an incompetent's estate while he is putatively testate and actually alive.

For the reasons herein stated, the court is without power to grant the relief prayed for.

The decision in the present proceeding deals only with the request to make payments out of principal and income to the wife and two daughters of the incompetent in anticipation of what they may be entitled to receive at the time of the death of the incompetent or a portion thereof, provided they survive him. Nothing contained in this opinion shall be construed as prohibiting the payment to the wife as a legal dependent of the incompetent of such additional sums as shall within the sound discretion of the guardian be proper and appropriate.

Accordingly, the court enters the following

*Order*

And now, to wit, March 20, 1957, for the reasons above set forth, the petition for allowance filed by the guardian of the above incompetent's estate is hereby disallowed and dismissed.

The costs of these proceedings shall be charged against the incompetent's estate.